**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| GENE THROWER and SHI-LARIE MCCLAIN, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SELECTQUOTE INSURANCE SERVICES INC.<br><br>Defendant.<br>______________________________/ | : | Case No.<br><br>CLASS ACTION<br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Gene Thrower and Shi-Larie McClain, individually and on behalf of all others similarly situated, allege on personal knowledge, investigation of counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to

strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiffs bring this action to enforce the consumer-privacy provisions of the TCPA alleging that Selectquote Insurance Services Inc. ("Selectquote") made telemarketing calls to numbers on the National Do Not Call Registry, including their own.

4. The Plaintiffs also allege that by making such calls and based on the fact that Selectquote used automated systems to make telemarketing calls into Florida, and that by doing so, Selectquote has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059.

5. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiffs sue on behalf of a proposed nationwide class of other persons who received similar calls.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and FTSA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

7. Plaintiffs are individuals residing in this District in Florida.

8. Defendant Selectquote Insurance Services Inc. is a corporation headquartered in Kansas.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court has supplemental jurisdiction over the FTSA claim because it arises from the same calls as the TCPA claim.

10. This Court has personal jurisdiction over Selectquote because it made telemarketing calls into this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls that are the subject of this lawsuit were sent and organized into this District.

## TCPA BACKGROUND

The National Do Not Call Registry

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The Florida Telephone Solicitations Act

16. The FTSA, Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021.

17. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party.". Fla. Stat. § 501.059(8)(a).

18. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

19. Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

## FACTUAL ALLEGATIONS

20. Selectquote is an insurance company that offers healthcare services.

Calls to Plaintiff Thrower

21. Plaintiff Thrower's telephone number, 904-698-XXXX, is a residential telephone line.

22. It is not associated with a business.

23. It is used for residential and personal purposes.

24. The telephone number has been on the National Do Not Call Registry since January of 2024.

25. Despite this, the Plaintiff Thrower received telemarketing calls from the Defendant on May 9 and 11, 2024.

26. All of the telemarketing calls came from (850) area codes.

27. The calls promoted insurance services.

28. During the calls, the Plaintiff Thrower received a scripted telemarketing pitch.

29. The calls related to the sale of health insurance.

30. On the final call, the Plaintiff Thrower spoke with "Gayle" from Selectquote, the Defendant's company.

31. Gayle also called the Plaintiff Thrower later on May 11, 2024 regarding Selectquote insurance services.

32. Selectquote offered the Plaintiff Thrower its insurance services on the call.

Calls to Plaintiff McClain

33. Plaintiff McClain's telephone number, 904-993-XXXX, is a residential telephone line.

34. It is not associated with a business.

35. It is used for residential and personal purposes.

36. The telephone number has been on the National Do Not Call Registry since 2006.

37. Despite this, the Plaintiff McClain received telemarketing calls from the Defendant on June 28, 29 and July 23 and 24, 2024.

38. All of the telemarketing calls came from (904) 467-XXXX numbers.

39. The calls promoted insurance services.

40. During the calls, the Plaintiff McClain received a scripted telemarketing pitch.

41. The calls related to the sale of health insurance.

42. On the final call, the Plaintiff McClain spoke with "Scott Walsh" from Selectquote, the Defendant's company.

43. Selectquote offered the Plaintiff McClain its insurance services on the call.

44. The calls were sent with an automated system for the selection and dialing of telephone numbers as the Plaintiffs answered the calls and there was a pause and audible click prior to anyone appearing on the line.

45. This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

46. The calls received by Plaintiffs were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him sign up for Defendant's insurance services.

47. These calls qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

48. Plaintiffs and all members of the classes defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiffs' and class members' telephone lines from legitimate communication.

## CLASS ACTION ALLEGATIONS

49. Plaintiffs seek certification of the following Classes pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3):

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

> **FTSA Do Not Call Registry Class:** All persons, who, (1) received a telephonic sales call from Defendant, (2) made to Florida area codes, (3) despite being on the National Do Not Call Registry (4) since July 1, 2021.

> **FTSA Autodial Class:** All persons, who, (1) received a telephonic sales call from Defendant, (2) made to Florida area codes, (3) using the same equipment or type of equipment utilized to call Plaintiffs (4) since July 1, 2021.

50. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Nichols anticipates the need to amend the Class definitions following appropriate discovery.

51. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

52. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA and FTSA; and

(b) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

53. **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in class actions. The Plaintiffs have no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiffs. The Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiffs nor their counsel have any interest adverse to the Classes.

54. **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff' challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis.

A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**COUNT I**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiffs and the Florida Telephone Solicitation Act Autodial Class**

55. Plaintiffs repeat and incorporate the allegations in paragraphs 1-54 as if fully set forth herein.

56. Plaintiffs bring this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

57. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

58. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

59. Defendant failed to secure prior express written consent from Plaintiffs and the Class Members.

60. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiffs and the Class members without Plaintiffs and the Class members' prior express written consent.

61. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiffs and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

62. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiffs and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiffs and the Class members are also entitled to an injunction against future calls. *Id.*

**COUNT II**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227**
**On Behalf of Plaintiffs and the National Do Not Call Registry Class**

63. Plaintiffs repeat and incorporate the allegations in paragraphs 1-54 as if fully set forth herein.

64. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiffs and the Class despite their numbers being on the National Do Not Call Registry.

65. The Defendant's violations were negligent, willful, or knowing.

66. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiffs and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

67. Plaintiffs and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**COUNT III**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiffs and the Florida Telephone Solicitation Act Do Not Registry Call Class**

68. Plaintiffs repeat and incorporate the allegations in paragraphs 1-54 as if fully set forth herein.

69. Plaintiffs bring this claim individually and on behalf of the Florida Telephone Solicitation Act Do Not Call Registry Class Members against Defendants.

70. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone" on the National Do Not Call Registry. *See* Fla. Stat. § 501.059(4).

71. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of

a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

72. Defendant failed to secure prior express written consent from Plaintiffs and the Class Members.

73. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiffs and the Class members without Plaintiffs' and the Class members' prior express written consent even though the Class members were on the National Do Not Call Registry.

74. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiffs and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiffs and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using an autodialer, including to numbers on the National Do Not Call Registry;

B. That the Court enter a judgment awarding Plaintiffs and all class members statutory damages of $500 for each violation of the TCPA or FTSA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiffs are a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Classes;

D. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs request a jury trial.

Dated: August 29, 2024

PLAINTIFF, individually and on behalf of all others similarly situated,

*/s/ Avi R. Kaufman*

Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Lead Counsel