**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| GENE THROWER and SHI-LARIE MCCLAIN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SELECTQUOTE INSURANCE SERVICES INC.,<br><br>Defendant. | Case No. 3:24-cv-00891-MMH-SJH |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, SelectQuote Insurance Services, misidentified as SelectQuote Insurance Services, Inc. ("SelectQuote"), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiffs, Gene Thrower and Shi-Larie McClain ("Plaintiff"), and states:

**NATURE OF THE ACTION**

1. The Telephone Consumer Protection Act ("TCPA") and the referenced caselaw interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 1 state otherwise, and as calling for a legal conclusion, they are denied.

2. The TCPA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 2 state otherwise, and as calling for a legal conclusion, they are denied.

3. SelectQuote admits Plaintiffs purport to bring this action on behalf of a class but denies the allegations in ¶ 3 and further denies that this lawsuit meets the requirements of a class action.

4. SelectQuote denies the allegations in ¶ 4.

5. SelectQuote admits Plaintiffs purport to bring this action on behalf of a class but denies the allegations in ¶ 5 and further denies that this lawsuit meets the requirements of a class action.

6. SelectQuote denies the allegations in ¶ 6.

**PARTIES**

7. SelectQuote denies the allegations in ¶ 7 for lack of knowledge or information sufficient to form a belief therein.

8. SelectQuote admits that it is a foreign corporation with an office in Overland Park, Kansas. Except as specifically admitted, SelectQuote denies the allegations in ¶ 8 as calling for a legal conclusion.

## JURISDICTION AND VENUE

9. SelectQuote admits Plaintiffs' TCPA claim gives rise to federal question jurisdiction. Except as specifically admitted, SelectQuote denies the allegation in ¶ 9 as calling for a legal conclusion.

10. SelectQuote denies sending any illegal call and further denies the allegations in ¶ 10 as calling for a legal conclusion.

11. Based solely upon the allegations in the Complaint, SelectQuote admits venue is appropriate in this District. Except as specifically admitted, SelectQuote denies the allegations in ¶ 11 as calling for a legal conclusion.

## BACKGROUND

### The National Do Not Call Registry

12. The TCPA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 12 state otherwise, and as calling for a legal conclusion, they are denied.

13. The TCPA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 13 state otherwise, and as calling for a legal conclusion, they are denied.

14. The TCPA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 14 state otherwise, and as calling for a legal conclusion, they are denied.

15. The TCPA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 15 state otherwise, and as calling for a legal conclusion, they are denied.

16. The FTSA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 16 state otherwise, and as calling for a legal conclusion, they are denied.

17. The FTSA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 17 state otherwise, and as calling for a legal conclusion, they are denied.

18. The FTSA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 18 state otherwise, and as calling for a legal conclusion, they are denied.

19. The FTSA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 19 state otherwise, and as calling for a legal conclusion, they are denied.

## FACTUAL ALLEGATIONS

20. SelectQuote denies the allegations in ¶ 20.

Call to Plaintiff Thrower

21. SelectQuote denies the allegations in ¶ 21 for lack of knowledge or information sufficient to form a belief therein.

22. SelectQuote denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23. SelectQuote denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24. SelectQuote denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. SelectQuote denies the allegations in ¶ 25.

26. SelectQuote denies the allegations in ¶ 26 for lack of knowledge or information sufficient to form a belief therein.

27. SelectQuote denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.

28. SelectQuote denies the allegations in ¶ 28 for lack of knowledge or information sufficient to form a belief therein.

29. SelectQuote denies the allegations in ¶ 29 for lack of knowledge or information sufficient to form a belief therein.

30. SelectQuote denies the allegations in ¶ 30 as written.

31. SelectQuote denies the allegations in ¶ 31 as written.

32. SelectQuote denies the allegations in ¶ 32.

Calls to Plaintiff McClain

33. SelectQuote denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief therein.

34. SelectQuote denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief therein.

35. SelectQuote denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36. SelectQuote denies the allegations in ¶ 36 for lack of knowledge or information sufficient to form a belief therein.

37. SelectQuote denies the allegations in ¶ 37.

38. SelectQuote denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39. SelectQuote denies the allegations in ¶ 39 for lack of knowledge or information sufficient to form a belief therein.

40. SelectQuote denies the allegations in ¶ 40 for lack of knowledge or information sufficient to form a belief therein.

41. SelectQuote denies the allegations in ¶ 41 for lack of knowledge or information sufficient to form a belief therein.

42. SelectQuote denies the allegations in ¶ 42 as written.

43. SelectQuote denies the allegations in ¶ 43.

44. SelectQuote denies the allegations in ¶ 44 for lack of knowledge or information sufficient to form a belief therein.

45. SelectQuote denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46. SelectQuote denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein.

47. SelectQuote denies the allegations in ¶ 47 as calling for a legal conclusion.

48. SelectQuote denies the allegations in ¶ 48.

## CLASS ACTION ALLEGATIONS

49. SelectQuote admits that Plaintiffs proposes the Class definition in ¶ 49 but denies the allegations and further denies that this lawsuit meets the requirements of a class action.

50. SelectQuote denies the allegations in ¶ 50 and further denies that this lawsuit meets the requirements of a class action.

51. SelectQuote denies the allegations in ¶ 51 and further denies that this lawsuit meets the requirements of a class action.

52. SelectQuote denies the allegations in ¶ 52 and further denies that this lawsuit meets the requirements of a class action.

53. SelectQuote denies the allegations in ¶ 53 and further denies that this lawsuit meets the requirements of a class action.

54. SelectQuote denies the allegations in ¶ 54 and further denies that this lawsuit meets the requirements of a class action.

## COUNT I
## Violation of the Florida Telephone Solicitation Act, Fla. Stat. §501.059

55. SelectQuote reasserts the foregoing as if fully stated herein.

56. SelectQuote admits Plaintiffs purport to bring this action on behalf of a class but denies the allegations in ¶ 56 and further denies that this lawsuit meets the requirements of a class action.

57. The FTSA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 57 state otherwise, and as calling for a legal conclusion, they are denied.

58. The FTSA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 58 state otherwise, and as calling for a legal conclusion, they are denied.

59. SelectQuote denies the allegations in ¶ 59 and further denies that this lawsuit meets the requirements of a class action.

60. SelectQuote denies the allegations in ¶ 60 and further denies that this lawsuit meets the requirements of a class action.

61. SelectQuote denies the allegations in ¶ 61 and further denies that this lawsuit meets the requirements of a class action.

62. SelectQuote denies the allegations in ¶ 62 and further denies that this lawsuit meets the requirements of a class action.

**COUNT II**
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227**

63. SelectQuote reasserts the foregoing as if fully stated herein.

64. The TCPA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 64 state otherwise, and as calling for a legal conclusion, they are denied.

65. SelectQuote denies the allegations in ¶ 65.

66. SelectQuote denies the allegations in ¶ 66 and further denies that this lawsuit meets the requirements of a class action.

67. SelectQuote denies the allegations in ¶ 67 and further denies that this lawsuit meets the requirements of a class action.

**COUNT III**
**Violation of the Florida Telephone Solicitation Act, Fla. Stat. §501.059**

68. SelectQuote reasserts the foregoing as if fully stated herein.

69. SelectQuote admits Plaintiffs purport to bring this action on behalf of a class but denies the allegations in ¶ 69 and further denies that this lawsuit meets the requirements of a class action.

70. The FTSA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 70 state otherwise, and as calling for a legal conclusion, they are denied.

71. The FTSA and the referenced authority interpreting it speak for themselves and are the best evidence of their contents. To the extent the allegations in ¶ 71 state otherwise, and as calling for a legal conclusion, they are denied.

72. SelectQuote denies the allegations in ¶ 72.

73. SelectQuote denies the allegations in ¶ 73 and further denies that this lawsuit meets the requirements of a class action.

74. SelectQuote denies the allegations in ¶ 74 and further denies that this lawsuit meets the requirements of a class action.

## PRAYER FOR RELIEF

SelectQuote denies that Plaintiff is entitled to the relief sought, including subparts (A) through (D).

## JURY DEMAND

SelectQuote denies that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

1. To the extent that any violations are established, any such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of routine business practices and procedures reasonably adopted and

specifically intended to avoid any such error. Specifically, SelectQuote has established and implemented reasonable practices and procedures to effectively prevent a violation of the TCPA or FTSA.

2. SelectQuote denies any liability; however, regardless of liability, Plaintiffs have suffered no actual damages as a result of SelectQuote's purported violations.

3. Plaintiffs have failed to plead the elements of vicarious liability sufficient to state a claim for relief.

4. One or more claims asserted by Plaintiffs are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

5. Assuming Plaintiffs suffered any damages, Plaintiff has failed to mitigate damages or take other reasonable steps to avoid or reduce her damages.

6. Any harm suffered by Plaintiffs was legally and proximately caused by persons or entities other than SelectQuote and were beyond the control or supervision of SelectQuote or for whom SelectQuote was and is not responsible or liable.

7. One or more of the telephone calls made to Plaintiffs were not made to a wireless, i.e., cellular, telephone.

8. Plaintiffs consented and authorized calls to the phone number in question.

9. The phone calls made to Plaintiffs are exempt from TCPA liability under various provisions and regulations, including: 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b), 47 U.S.C.§ 227(c)(5)(c), 47 C.F.R. § 64.1200(a), and 47 C.F.R. § 64.1200(c)

10. The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA or the FTSA.

11. To the extent the calls at issue were to Plaintiffs' telephones, as alleged, Plaintiffs provided consent to receive those calls.

12. To the extent Plaintiffs were not the subscribers of the phone numbers at the time of the calls, Plaintiffs have no standing to assert the claims.

13. To the extent Plaintiffs were not the intended recipient of the calls, Plaintiffs has no standing to assert the claim.

14. Plaintiffs acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

15. Plaintiffs have failed to state a claim against SelectQuote upon which relief may be granted.

16. Plaintiffs' claims are subject to mandatory and binding arbitration and a class action bar.

17. Plaintiffs lack standing and this Court lacks subject matter jurisdiction to hear the claims.

Date: November 6, 2024

Respectfully Submitted,

*/s/ Rachel M. Fleishman*
Rachel M. Fleishman, Esq.
Florida Bar No. 1026438
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 775-2170
Facsimile: (877) 334-0661
rfleishman@sessions.legal
dvanhoose@sessions.legal
*Counsel for Defendant,*
*SelectQuote Insurance Services*

## CERTIFICATE OF SERVICE

I certify that on November 6, 2024, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.

*/s/ Rachel M. Fleishman*
Attorney